UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

**MAXUM INDEMNITY COMPANY,**

    **Plaintiff,**

v.                                    **Case No.  8:13-cv-1125-T-30EAJ**

**FLANIGAN AND ASSOCIATES
INSURANCE INC. and ABEL
BOHORQUEZ,**

    **Defendants.**
_____/

## FINAL JUDGMENT

THIS CAUSE comes before the Court upon Plaintiff's Motion for Entry of Judgment on the Default Against Non-Participating Defendant Flanigan (Dkt. 12) and Plaintiff's Motion for Judgment on the Pleadings (Dkt. 15).  The Court, having reviewed the motions, pleadings, and being otherwise advised in the premises, concludes the motions for entry of default judgment and judgment on the pleadings should be granted.

## BACKGROUND

Plaintiff Maxum Indemnity Company filed this lawsuit against Defendants Flanigan & Associates Insurance, Inc., and Abel Bohorquez seeking a declaratory judgment that it does not have a duty to defend or indemnify Flanigan in a lawsuit brought by Bohorquez. A clerk's default was entered against Flanigan for his failure to respond or otherwise defend

and Bohorquez answered the complaint but admitted all the material allegations. As such, adjudication on the motion for default judgment and judgment on the pleadings is ripe.

According to the complaint and admissions of Bohorquez, Maxum is a Delaware corporation with its principal place of business in Georgia. Flanigan is a Florida corporation with its place of business in Hillsborough County, Florida. Bohorquez is a Florida resident.

Flanigan is an insurance agency which Maxum insured under a professional liability policy. The insurance policy began on April 6, 2012, and terminated on April 6, 2013, with a retroactive date of April 6, 2011. Specifically, the policy states that "coverage for this insurance does not apply to any negligent act, error, or admission which occurs before the RetroActive Date shown here." The policy's insuring agreement states in relevant part that:

**SECTION I - COVERAGE**

**1.    Insuring Agreement**

**A.**    We will pay those sums that an "insured" becomes legally obligated to pay as "damages" because of a "wrongful act" in the rendering of or failure to render "professional services" by any "insured" or by any person for whose "wrongful acts" an "insured" is legally responsible for. We will have the right and duty to defend any "insured" against any "suit" seeking those "damages." However, we will have no duty to defend an "insured" against any "suit" seeking "damages" for a "wrongful act" to which this insurance does not apply. We may, at our discretion, investigate any error or omission and settle any "claim" or "suit" that may result. . .

**B.**    This insurance applies only if:
The "wrongful act" did not occur before the Retroactive Date, if any, shown in the Declarations or after the end of the policy period . . .

Per the underlying complaint, Bohorquez filed suit against Flanigan for failing to procure uninsured motorist ("UM") coverage for Bohorquez and his family. Bohorquez

essentially alleges that in April 2010 he met with Flanigan to buy UM coverage and was assured by Flanigan that he would have UM coverage. On June 19, 2010, Bohorquez's stepson was killed in an automobile accident where UM coverage was implicated. Despite the alleged assurances, Flanigan failed to procure the UM coverage he promised Bohorquez in April 2010. Bohorquez has admitted all these allegations as stated in the complaint. Based on his default, Flanigan has also admitted all the allegations stated in the complaint.

## **STANDARDS OF REVIEW**

Under Federal Rule of Civil Procedure 55(b)(2), a court may enter a final judgment of default against a party who has failed to plead in response to a complaint. A default judgment may be entered "against a defendant who never appears or answers a complaint, for in such circumstances, the case never has been placed at issue." *Solaroll Shade & Shutter Corp. v. Bio-Energy Sys.*, 803 F.2d 1130, 1134 (11th Cir. 1986). All well-pleaded allegations of fact are deemed admitted upon entry of default; however, before entering a default judgment, a court must confirm it has jurisdiction over the claims and the complaint adequately states a claim for which relief may be granted. *See Nishimatsu Const. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975);[1] *see also GMAC Commercial Mortg. Corp. v. Maitland Hotel Assocs.*, 218 F. Supp. 2d 1355, 1359 (M.D. Fla. 2002).

"After the pleadings are closed-but early enough not to delay trial-a party may move for judgment on the pleadings." Fed. R. Civ. P. 12(c). "Judgment on the pleadings is

---

[1] In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all the decisions of the former United States Court of Appeals for the Fifth Circuit handed down prior to the close of business on September 30, 1981.

appropriate where there are no material facts in dispute and the moving party is entitled to judgment as a matter of law." *Cannon v. City of West Palm Beach*, 250 F. 3d 1299, 1301 (11th Cir. 2001). The Court must accept the facts alleged in the complaint as true and view them in the light most favorable to the nonmoving party. *Id.*

### DISCUSSION

The Court concludes that it has subject matter jurisdiction over Maxum's claim for declaratory relief under 28 U.S.C. § 2201 because Maxum has an actual controversy with Defendants as to whether it has a duty to indemnify or defend Flanigan in the underlying action. The complaint's allegations are sufficient to state a claim for such a declaratory judgment.

"The duty of an insurer to defend is determined *solely* by the allegations of the complaint against the insured and an insurer has no duty to defend a suit against an insured if the complaint on its face alleges a state of facts that fails to bring the case within the coverage of the policy." *McCreary v. Fla. Residential Prop. & Cas. Joint Underwriting Ass'n*, 758 So. 2d 692, 695 (Fla. 4th DCA 1999) (emphasis in original) (quoting *Marr Invs., Inc. v. Greco*, 621 So. 2d 447, 449 (Fla. 4th DCA 1993)); *see Geovera Specialty Ins. Co. v. Hutchins*, 831 F. Supp. 2d 1306, 1311 (M.D. Fla. 2011) ("Under Florida law, the issue of an insurer's duty to defend a lawsuit against its insured is governed by the terms of the policy and the allegations of the complaint."). Here, the underlying complaint only alleges negligent acts or omissions by Flanigan that occurred in April 2010. Bohorquez admits that April 2010 is the operative date of any alleged negligence. The retroactive date on

Flanigan's policy clearly states that April 6, 2011, is the earliest date of coverage. *See ABCO Premium Finance LLC v. AIG, Inc.*, 2012 WL 3278628, at *12 (S.D. Fla. Aug. 9, 2012) ("The purpose of specifying a retroactive date in an insurance policy is to limit coverage to occurrences after a certain date."). There are no materially disputed facts which preclude a finding that Flanigan is not covered by Maxum's insurance policy.

Accordingly, Maxum is entitled to a default judgment and judgment on the pleadings against the Defendants that it has no obligation to defend or indemnify Flanigan in the underlying lawsuit.

It is therefore ORDERED AND ADJUDGED that:

1. Plaintiff's Motion for Entry of Judgment on the Default Against Non-Participating Defendant Flanigan (Dkt. 12) is GRANTED.

2. Plaintiff's Motion for Judgment on the Pleadings (Dkt. 15) is GRANTED.

3. The Court grants declaratory relief to Plaintiff Maxum that it has no obligation to defend or indemnify Defendant Flanigan & Associates Insurance, Inc., in the underlying lawsuit brought by Defendant Abel Bohorquez.

4. The Clerk is directed to enter a declaratory judgment in favor of Plaintiff against Defendants that Plaintiff Maxum has no obligation to defend or indemnify Defendant Flanigan & Associates, Inc., in the underlying lawsuit brought by Defendant Abel Bohorquez.

5. The Court retains jurisdiction for purposes of awarding attorney's fees and costs. Plaintiff may file a motion for attorney's fees and costs within fourteen (14) days of the date of this Order.

6. The Clerk is directed to close this case and deny all pending motions as moot.

**DONE** and **ORDERED** in Tampa, Florida on July 8, 2013.

JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

**Copies furnished to:**
Counsel/Parties of Record

S:\Odd\2013\13-cv-1125.finaljudgment.frm